UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Melanie Kelley, | ) | C/A No. 4:08-2789-RBH-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Wendy's; | ) | **Report and Recommendation** |
| Oldemark LLC; and | ) | |
| Kraft Food Holdings Inc, | ) | |
| | ) | |
| Defendants. | ) | |

_____

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The complaint *sub judice* has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless

1

legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

The court may dismiss a claim as "factually frivolous" under § 1915(e) if the facts alleged are clearly baseless. *Denton*, 504 U.S. at 31. In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor. *Id.*

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

<u>Background</u>

Plaintiff indicates that, on July 28, 2008, she left a backpack at a Wendy's restaurant. When Plaintiff later returned to Wendy's the backpack was located and returned. However, Plaintiff is apparently displeased with the way she was treated by a Wendy's Manager, who asked Plaintiff to describe the lost bag and provide an I.D. prior to returning the item to Plaintiff. Plaintiff asks: (1) that Plaintiff and Defendants meet to address the Defendants' employees' truthfulness; (2) that

Defendants make a contribution to area schools; and (3) that Defendants need to know that "everyone carrying a back pack is not some drug dealer."

Discussion

While Plaintiff does not indicate a basis for jurisdiction in her complaint, the action could be liberally construed as a civil rights action filed pursuant to 42 U.S.C. § 1983. A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff 's complaint names three private companies, Wendy's, Oldemark LLC, and Kraft Food Holdings Inc, as Defendants in the case. None of the Defendants are described as state or federal agencies, and the complaint contains no facts which attribute any type of state action to the Defendants or their employees. As the Defendants are private companies, they do not act "under color of state law" and are not amenable to suit under § 1983. Accordingly, Plaintiff has failed to state a cognizable § 1983 claim for relief against the Defendants and they are entitled to dismissal from this action.

In addition, to the extent Plaintiff may be attempting to bring a claim under 42 U.S.C. § 1981, her claim must also fail. The specific function of § 1981 is to protect "the equal right of '[a]ll persons within the jurisdiction of the United States' to 'make and enforce contracts' without respect to race." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 474 (2006)(citing 42 U.S.C. § 1981(a)). However, a plaintiff in § 1981 discrimination claim is required to allege several elements. *See*

3

*Murrell v. Ocean Mecca Motel, Incorporated*, 262 F. 3d 253, 257 (4th Cir. 2001)(discussing required elements in a § 1981 hotel discrimination claim). As Plaintiff's complaint provides insufficient facts to allege a claim of discrimination under § 1981, any such claim she may be attempting to raise is subject to summary dismissal.

Finally, to the extent Plaintiff may be attempting to bring an action based on this Court's diversity jurisdiction, the claim must also fail. The diversity statute, 28 U.S.C. § 1332(a), requires **_complete_** diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 & nn. 13-16 (1978). This Court has no diversity jurisdiction under 28 U.S.C. § 1332 over this case because, according to the information provided with the complaint, Plaintiff and all Defendants are residents of South Carolina. In absence of diversity of citizenship, the amount in controversy is irrelevant. Therefore, Plaintiff's complaint is subject to summary dismissal.

<u>Recommendation</u>

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966). *See also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). Plaintiff's attention is directed to the important notice on the next page.

|  |  |
|---|---|
|  | s/Thomas E. Rogers, III |
| August 22, 2008 | Thomas E. Rogers, III. |
| Florence, South Carolina | United States Magistrate Judge |

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).